IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA VALENTINE | )( | |
| | )( | |
| Plaintiff, | )( | |
| | )( | |
| v. | )( | No. _____ |
| | )( | |
| UNITED STATES OF AMERICA, | )( | |
| | )( | |
| Defendant. | )( | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

ANGELA VALENTINE, Plaintiff, complains of the UNITED STATES OF AMERICA, Defendant, and would respectfully show the Court the following:

**I.**

This action arises under the Federal Tort Claims Act, 28 U.S.C., Section 1346(b) and 2671 et seq.

**II.**

Plaintiff is a resident of Magnolia, Montgomery County, Texas within the Southern District of Texas. The events complained of occurred in Montgomery County, Texas. Venue in the Houston Division is appropriate based on 28 U.S.C., Section 1391(b).

**III.**

At all relevant times, Defendant UNITED STATES OF AMERICA, by and through its agency the Department of Health and Human Services (HHS), owned and operated a federal qualified health center (FQHC) in Conroe, Texas, known as the Lone Star Community Health Center, Inc.

**IV.**

At all relevant times, Plaintiff was treated by doctors, or other medical staff, some of which maybe unknown to the Plaintiff, all of whom were employed as doctors, and other medical assistants by Lone Star Community Health Center to provide hospitalist care at Conroe Regional Medical Center.  In doing or omitting to do all of the things alleged herein, the Defendant, and agents of the Defendant, were acting within the course and scope of their employment, and with the permission and consent of the Defendant.

**V.**

On or about July 21, 2018 (2131 hrs) Plaintiff presented to the ER at Conroe Regional Medical Center upon transfer there from another medical facility (St. Luke's Woodland) with history of injury to her right hand from a horse bite which occurred on or about July 20, 2018.

After evaluation in the ER Plaintiff was accepted for admission to Conroe Regional and the accepting physician, now the attending physician, was an employee of Defendant U.S.A. Plaintiff remained under the care of Defendant U.S.A.'s attending physician and his staff and associates from on or about July 21, 2018 until her discharge to rehabilitation on or about August 2, 2018.

In the ER at Conroe Regional Medical Center the providers failed to clearly ascertain the tetanus vaccine status of Plaintiff.  No tetanus shot was given to Plaintiff in the ER at Conroe, nor before at St. Luke's Woodlands.

From the time Defendant U.S.A.'s physician became the attending physician (late evening of July 21, 2018) until Plaintiff was finally evaluated by an infectious disease physician on or about July 27, 2018, the Defendant U.S.A.'s attending physician and his agents did not

inquire of her tetanus vaccine status and did not order the tetanus vaccine shot to be given to Plaintiff.

After her admission and up to and including July 27, 2018, Plaintiff's condition worsened as her tetanus infection worsened. This included generalized weakness, headache, difficulty speaking, tremors, dizziness and painful joints.

When Plaintiff was evaluated by an infectious disease physician on July 27, 2018 it was quickly determined Plaintiff was suffering from tetanus infection from clostridium tetani. She was administered the tetanus vaccine shot and treated with IV tetanus immunoglobulin. Thereafter, Plaintiff began to improve. She was transferred to rehabilitation care on or about August 2, 2018 and remained there until August 7, 2018, when she was transferred to an LTAC for longer term care and therapy.

## VI.

The Defendant, and the agents of the Defendant, were negligent in one or more of the following:

1. Failing to timely ascertain Plaintiff's tetanus vaccine status;
2. Failing to administer the tetanus vaccine prior to July 27, 2018; and
3. Failing to timely and properly work up and diagnose Plaintiff's condition.

## VII.

As a direct and proximate result of one or more of the foregoing acts or omissions, Plaintiff suffered the following damages, both past and future:

a. Physical pain and mental anguish;
b. Physical impairment;
c. Medical expense; and

    d.    Lost earnings and/or lost earning capacity.

By reason of the foregoing the Plaintiff has been damaged in the sum of $600,000.00.

## VIII.

Plaintiff's administrative claim was finally denied on February 24, 2021. This lawsuit is filed within six months of that date.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited and served to appear and answer, and upon final trial of this cause, Plaintiff have judgment against the Defendant and for such other and further relief, both general and special, at law and in equity to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Stephen Boutros
**STEPHEN BOUTROS**
State Bar No. 90001891
Two Riverway, Suite 1770
Houston, Texas 77056
Tel: 713-425-4300
Fax: 713-425-4301
Stephen@boutroslaw.com

**WALTER L. BOYAKI**
State Bar No.02759500
4621 Pershing Drive
El Paso, Texas 79903
Tel.: 915- 566-8688
Fax : 915- 566-5906
Wboyaki@boyakilawfirm.com

ATTORNEYS FOR PLAINTIFF